## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC<br>SPRINKLER INDUSTRY WELFARE FUND,<br>TRUSTEES OF THE NATIONAL AUTOMATIC<br>SPRINKLER LOCAL 669 UA EDUCATION FUND,<br>TRUSTEES OF THE NATIONAL AUTOMATIC<br>SPRINKLER INDUSTRY PENSION FUND,<br>TRUSTEES OF THE SPRINKLER INDUSTRY<br>SUPPLEMENTAL PENSION FUND, TRUSTEES<br>OF THE INTERNATIONAL TRAINING FUND AND<br>ROAD SPRINKLER FITTERS LOCAL UNION<br>669 WORK ASSESSMENTS AND EXTENDED<br>BENEFIT FUND<br>8000 Corporate Drive<br>Landover, MD  20785, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. NO.<br>) |
| MARION FIRE SPRINKLER & ALARM, INC.<br>PO Box 386<br>Marion, IL  62959-0386 | )<br>)<br>)<br>) |
| Serve:    Andrew Allen, Registered Agent<br>           1608 Venable Drive<br>           Carterville, IL  62918 | )<br>)<br>)<br>) |
| ANDREW ALLEN<br>PO Box 386<br>Marion, IL  62959-0386 | )<br>)<br>) |
| Serve:    Andrew Allen<br>           1608 Venable Drive<br>           Carterville, IL  62918 | )<br>)<br>)<br>) |
| and | )<br>) |
| JENNIFER ALLEN<br>PO Box 386<br>Marion, IL  62959-0386 | )<br>)<br>) |
| Serve:    Jennifer Allen<br>           1608 Venable Drive<br>           Carterville, IL  62918 | )<br>)<br>)<br>) |

```
                                                )
and                                             )
                                                )
BRIAN R. ALLEN                                  )
PO Box 386                                      )
Marion, IL  62959-0386                          )
                                                )
Serve:      Brian R. Allen                      )
            1608 Venable Drive                  )
            Carterville, IL  62918              )
                                                )
and                                             )
                                                )
WILLOW B. ALLEN                                 )
PO Box 386                                      )
Marion, IL  62959-0386                          )
                                                )
Serve:      Willow B. Allen                     )
            1608 Venable Drive                  )
            Carterville, IL  62918              )
                                                )
                          Defendants.           )
```

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS AND FOR BREACH OF SETTLEMENT AGREEMENT)

### Parties

1.      Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, Trustees of the International Training Fund, Road Sprinkler Fitters Local Union 669 Work Assessments and Extended Benefits Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established

2

and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 669 and the Defendant Marion Fire Protection, Inc. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

2.     Defendant Marion Fire Sprinkler & Alarm, Inc. (hereinafter "Marion") is a corporation existing under the laws of the State of Illinois with offices located in Illinois. Defendant transacts business in the State of Illinois as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

3.     Defendant Andrew Allen is a resident of the state of Illinois and the President of the Defendant company.

4.     Defendant Jennifer Allen is a resident of the state of Illinois.

5.     Defendant Brian R. Allen is a resident of the state of Illinois.

6.     Defendant Willow B. Allen is a resident of the state of Illinois.

## Jurisdiction

7.     This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing

employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement, and an action for breach of a Settlement Agreement and Promissory Note.

**COUNT I**

8.      Defendant Marion is signatory to a Collective Bargaining Agreement with Road Sprinkler Fitters Local Union No. 669 (hereinafter "the union") requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

9.      Defendant Marion is bound to the Trust Agreements and to the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

10.      Defendant Marion employed certain employees covered by the Collective Bargaining Agreements during the period of April 2014 through the present.

11.      During the period of April 2014 through June 2016, the Defendant Marion experienced substantial difficulty in making the required benefit contributions to the NASI Funds. In response to these difficulties, the NASI Funds and said Defendant entered into a Settlement Agreement and Promissory Note (hereinafter "settlement documents" a copy of which are attached hereto as Exhibit A) allowing for a systematic payment over time of all amounts owed to the NASI Funds. These settlement documents required, inter alia, the payment of the principal amount of $66,880.00 by said Defendant to the NASI Funds with an initial payment of $15,000.00 which was made by check when the settlement documents were signed and a payment of $51,880.00 to be paid by September 15, 2016. The settlement documents further provided that the Defendant Marion remain current in all future contributions to the NASI Funds for the duration of the settlement and file all monthly report forms and payments on time as

4

required by the Funds' Trust Agreements.  Liquidated damages and interest in the amount of $78,059.59 were waived contingent upon the Defendant Marion making the scheduled payments as they became due under this Agreement and contingent upon the Defendant remaining current in its monthly contributions for the duration of the settlement.

12.     Defendants Andrew Allen, Jennifer Allen, Brian R. Allen and Willow B. Allen personally executed these settlement documents pursuant to which they committed themselves to act as guarantors for all amounts owed by the Defendant Marion to the NASI Funds inclusive of future monthly contributions owed to the Funds for the duration of the settlement.

13.     The Defendant Marion defaulted on the terms of the settlement documents by failing to pay contributions owed to the NASI Funds for the months of July and August 2016 and by failing to make the settlement payment that was due on September 15, 2016.  In addition, the Defendant's initial installment payment of $15,000.00 was returned by its bank due to insufficient funds and the Defendant has failed to replace that payment.  Pursuant to the terms of the settlement documents, Defendant Marion is in default and the amount of $144,939.59 for contributions and reinstated liquidated damages and interest currently owed under the settlement documents is immediately due and payable to the NASI Funds.

14.     Defendant Marion has failed to make contributions due to Plaintiff Funds for the months of July and August 2016. In addition, Defendant Marion has failed to submit report forms for these months.  Pursuant to the terms of the Collective Bargaining Agreement, Defendant Marion is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

15.     Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer is two or more months delinquent in making the contributions required on behalf of his employees and has not submitted the required documents

showing the employees who worked for him and hours worked, the Funds are authorized to project

the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater
> of (a) the average of the monthly payments or reports submitted by the
> Employer for the last three (3) months for which payments or reports were
> submitted, or (b) the average of the monthly payments or reports submitted
> by the Employer for the last twelve (12) months for which payments or
> reports were submitted . . .

16.    Using report forms submitted for the last three (3) months for which reports were

submitted, the projected delinquency for the months of July and August 2016 is $19,402.55

calculated as follows:

| Month | Welfare | Education | Pension | SIS | ITF | Work Asst's | Ext. Ben. |
|---|---|---|---|---|---|---|---|
| Apr 16 | $3,087.04 | $137.20 | $2,371.60 | $1,176.00 | $39.20 | $833.35 | $98.00 |
| May 16 | $3,832.49 | $152.95 | $2,643.85 | $1,311.00 | $43.70 | $924.81 | $109.26 |
| June 16 | $5,288.31 | $208.25 | $3,599.75 | $1,785.00 | $59.50 | $1,253.69 | $148.88 |
| Monthly Average: | $4,069.28 | $166.13 | $2,871.73 | $1,424.00 | $47.47 | $1,003.95 | $118.71 |

17.    Defendant Marion's contributions owed on behalf of its sprinkler fitter employees

for the months of July and August 2016 are late.

18.    The Trust Agreements and the Guidelines provide that an employer who fails to pay

the amounts required by the Collective Bargaining Agreements on time shall be obligated to pay

liquidated damages as follows:

> (1)    If payment is not received in the Funds Office by the 15th of the
> month, 10% of the amount is assessed.

> (2)    An additional 5% is added if payment is not received in the
> Funds Office by the last working day of the month in which
> payment was due.

> (3)    An additional 5% is added if payment is not received by the
> 15th of the month following the month in which payment was
> due.

19.    Pursuant to this provision, Defendant Marion is obligated to Plaintiff Funds in the amount of $2,573.58  in liquidated damages assessed on the late contributions for the months of July and August 2016, plus interest at the rate provided in 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

20.    Pursuant to the terms of the settlement documents, the Defendants Andrew Allen, Jennifer Allen, Brian R. Allen and Willow B. Allen are liable for all amounts owed by the Defendant Marion to the NASI Funds.   Accordingly, the Defendants Marion, Andrew Allen, Jennifer Allen, Brian R. Allen and Willow B. Allen are jointly and severally liable to the NASI Funds for the sum of $166,915.73, plus costs, interest and attorneys' fees.

**WHEREFORE**, in Count I, Plaintiff Funds pray for judgment against the Defendants Marion, Andrew Allen, Jennifer Allen, Brian R. Allen and Willow B. Allen, jointly and severally, as follows:

A.    In the amount of $144,939.59 as currently owed under the terms of the settlement documents.

B.    In the amount of $19,402.55 for contributions due for work performed during the months of July and August 2016, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

C.    In the amount of $2,573.58 for liquidated damages assessed on late contributions for the months of July and August 2016, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

D.    For costs, interest, and reasonable attorneys' assessed pursuant to 29 U.S.C.

7

§ 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

E.      For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

F.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By: _____/s/_____
        Charles W. Gilligan
        Maryland Bar No. 05682
        Attorneys for Plaintiffs


278353_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 3rd day of October, 2016 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
> Attention:  Employee Plans

> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTENTION:  Assistant Solicitor for
>         Plan Benefits Security

_____/s/_____
Charles W. Gilligan

278353_1